IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE G. MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00599 |
| | § | |
| FLAGSTAR BANK, FSB; LAKEVIEW | § | |
| LOAN SERVICING, LLC; M&T BANK; | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| (A.K.A. "MERS"), | § | |
| | § | |
| Defendants. | | |

**DEFENDANT FLAGSTAR BANK, F.S.B.'S MOTION TO DISMISS**

Defendant Flagstar Bank, F.S.B. ("Defendant" or "Flagstar") files this Motion to Dismiss as to Plaintiff Steve G. Morgan's ("Plaintiff") Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction ("Original Petition") pursuant to FED. R. CIV. P. 12(b)(6) and respectfully states:

**I.      INTRODUCTION**

1.    Plaintiff asserts quiet title and trespass to try title actions against Flagstar and seeks a declaratory judgment that none of the named defendants have the right to foreclose on his property located at 7615 Tumbling Road, Humble, TX 77346 (the "Property").

2.    Plaintiff's claims are improper against Flagstar because Flagstar is not the mortgagee of record for the Property, nor does it presently act as mortgage servicer for the mortgage loan at issue.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

3. Plaintiff obtained a loan in the amount of $191,290.00 from Flagstar to purchase the Property on January 21, 2014.[1] Plaintiff executed a Note ("Note") and Deed of Trust ("Deed of Trust").[2] The Deed of Trust lists Mortgage Electronic Systems, Inc. ("MERS") as Flagstar's nominee and the beneficiary under the instrument.[3]

4. MERS, as nominee for Flagstar, assigned the Deed of Trust to Lakeview Loan Servicing, LLC ("Lakeview") on September 14, 2016.[4]

5. When Plaintiff defaulted on the loan, Lakeview, through its loan servicer M&T Bank, attempted to foreclose on the Property.[5]

6. On December 5, 2016, Plaintiff filed his Original Petition, seeking to enjoin the foreclosure, asking for declaratory relief, and bringing several causes of action against various defendants.[6] Only Plaintiff's actions to quiet title and for trespass to try title are directed against Flagstar.[7]

## III. MOTION TO DISMISS UNDER FED. R. 12(b)(6)

7. To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[8] In explaining this standard, the Supreme Court emphasized that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[1] *See* Original Petition, ¶15.
[2] *Id.*
[3] *See* Deed of Trust, **Exhibit A.** All documents that Flagstar attaches to this Motion to Dismiss were also attached to Plaintiff's Original Petition and are attached here for ease of reference.
[4] *See* Corporate Assignment of Deed of Trust, **Exhibit B.**
[5] *See* Original Petition, ¶13.
[6] *See* Original Petition.
[7] *See id* at 9-11. These two causes of action are directed "against all defendants," which includes Flagstar, but all other causes of action mention specific defendants by name.
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

of action will not do."[9] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10] Plaintiffs must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."[11] Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] Plaintiff's Original Petition falls short of this standard.

### IV. ARGUMENT AND AUTHORITIES

#### A. Plaintiff cannot maintain an action to quiet title.

8. A suit to quiet title is an equitable action in which a plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim.[13] To state a quiet title claim, a plaintiff must show: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.[14]

9. Plaintiff has failed to state a claim upon which relief can be granted with respect to Flagstar because Flagstar is no longer the mortgage servicer for the subject loan, nor was it involved in any way with the attempted foreclosure. Plaintiff has failed to assert any facts that would support a claim that title to the property is affected by Flagstar's prior status as servicer or Lender under the Deed of Trust. Flagstar originated the loan and acted as a prior servicer and its involvement with the loan ended when it ceased acting as mortgage servicer and MERS assigned its interests under the Deed of Trust to Lakeview. Because Flagstar has no present involvement

---

[9] *Id.* at 555.
[10] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).
[11] *Id.*
[12] *Twombly*, 550 U.S. at 555.
[13] *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex.App.—Austin 2006, pet. denied).
[14] *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex.App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (internal citations omitted).

in the servicing of the Loan, and because the Deed of Trust has been assigned to Lakeview, Flagstar is an improper party to Plaintiff's lawsuit.[15]

10. Further, Plaintiff's allegations that MERS' assignment to Lakeview, made pursuant to MERS' designation as Flagstar's nominee, was fraudulent and invalid are without merit. Plaintiff alleges that the Note was never transferred to MERS, so MERS could not make a valid assignment of its beneficial interest in the Deed of Trust to Lakeview because "[a]ny attempt to transfer the beneficial interest of a deed of trust without actual ownership of the underlying mortgage note, is void under law."[16]

11. This argument is meritless under Texas law. As the Fifth Circuit noted in *Martins v. BAC Home Loans Servicing, L.P.*, "Texas courts have 'rejected the argument that a note and its security are inseparable' . . . A deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale' even though it would not be possible for both to hold the note."[17] In a case also involving MERS, with the exact same Deed of Trust language relating to MERS' powers under the instrument, the Fifth Circuit held that the deed of trust "unequivocally gives MERS the power to foreclose and sell the mortgaged property, and MERS could assign that power to a third party."[18]

12. Plaintiff also challenges the validity of the assignment on the basis that MERS "lacks the authority under its corporate charter to transfer a deed of trust, or to own or transfer an interest in a mortgage." Contrary to Plaintiff's false assertions, Texas courts have consistently upheld the validity of MERS assignments, especially in cases such as this where the Deed of

---

[15] *See e.g., Rojas v. Wells Fargo Bank, N.A.*, 571 F.App'x 274, 277 (5th Cir. 2014).
[16] *See* Original Petition, ¶23.
[17] 722 F.3d 249, 255 (5th Cir. 2013).
[18] *Ericson v. Resurgent Capital Services, L.P.*, 622 F.App'x. 342, 345 (5th Cir. 2015).

Trust expressly names MERS as a beneficiary and nominee for both the originating lender and its successors and assigns.[19]

13. Even assuming, as the Court must do under the 12(b)(6) standard, that Plaintiff's allegations are correct and the assignment from MERS to Lakeview is void, Plaintiff *still* cannot recover from Flagstar. If the assignment to Lakeview were to be declared void, then Flagstar would be the party with the authority to foreclose on Plaintiff's Property as the Lender under the Deed of Trust.

14. Accordingly, Plaintiff cannot prevail on his quiet title action because Plaintiff has not alleged any facts establishing the superiority of his title in relation to the *Deed of Trust*, and Plaintiff does not present any challenges to the validity of the Deed of Trust itself.[20] In his petition, Plaintiff even states that "[t]he Deed of Trust is an enforceable contract . . ."[21]

15. So, if the assignment was void, Flagstar's only claim to the Property would arise from the Deed of Trust, and because Plaintiff is not challenging the Deed of Trust, Plaintiff would not be entitled to any relief from Flagstar.[22]

B. **Plaintiff cannot maintain its trespass to try title action.**

16. Trespass to try title is a statutory action, the purpose of which is to "*recover the possession* of land unlawfully withheld from the owner and to which he has the right to immediate possession."[23] To recover on a trespass to try title claim and recover the possession of unlawfully withheld property, the property at issue must have actually have been withheld from

---

[19] *See, e.g. Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492, at *9 (S.D. Tex. 2014) ("Courts in the Fifth Circuit have repeatedly upheld MERS' assignment of mortgages to other entities.").
[20] *See Silver Gryphon, L.L.C. v. Bank of America NA*, No. 4:13-CV-695, 2013 WL 6195484 (S.D. Tex. 2013).
[21] *See* Original Petition, ¶83.
[22] *See Silver*, 2013 WL 6195484 at *6; *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F.App'x. 631, 633 (5th Cir. 2013).
[23] *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 767 (N.D. Tex. 2012) (quoting *Rocha v. Campos*, 574, S.W.2d 233, 236 (Tex.App.—Corpus Christi 1978, no writ.)) (emphasis added).

5

542448.3; 104498.0214

the plaintiff.[24] Because Plaintiff pleads no facts indicating that he has been dispossessed from the Property, his claim for trespass to try title fails and should be dismissed.[25]

### C. Plaintiff's claim for declaratory relief fails against Flagstar because he presents no viable causes of action against it.

17. Declaratory relief is not an independent cause of action, but is rather "merely a form of relief that the court may grant."[26] The granting of declaratory relief must be predicated upon an underlying justiciable case or controversy.[27]

18. Plaintiff asks the Court to "declare that the power of sale contained in the Deed of Trust has no force and effect" and that no party has a right to foreclose on the Property.[28] Plaintiff has not stated a claim against Flagstar upon which relief can be granted, however, so there is no claim for which this Court could grant declaratory relief and dismissal of Plaintiff's declaratory judgment action as against Flagstar is appropriate.

For the foregoing reasons, Defendant Flagstar Bank, F.S.B. respectfully requests this Court dismiss all claims asserted by Plaintiff against Flagstar in his Original Petition, with prejudice, and for all other relief to which it may be entitled.

Respectfully submitted,

By: /s/ Matt D. Manning
**MATT D. MANNING**
State Bar No. 24070210
mmanning@mcglinchey.com
McGlinchey Stafford, PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025
**ATTORNEY FOR FLAGSTAR BANK, FSB**

---

[24] *See id.*
[25] *Id.*
[26] *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F.App'x. 398, 400-01 (5th Cir. 2011).
[27] *Id.*
[28] *See* Original Petition, ¶¶26-27.

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was served on counsel of record and filed with the Clerk of Court via the CM/ECF filing system on March 9, 2017, who will in term provide notification of the same to the following registered CM/ECF users:

*Via CM/ECF*
Jeffrey C. Jackson
John P. Fretz
2200 North Loop West, Suite 108
Houston, Texas 77018
*Attorneys for Plaintiff*

*Via CM/ECF*
Cole D. Patton
Sammy Hooda
William Attmore
Yoshie Valadez
Cheyenne M. Zokaie
1255 West 15th Street, Suite 1060
Plano, TX 75075
*Attorneys for Lakeview Loan Servicing, M&T Bank, and Mortgage Electronic Registration Systems, Inc.*

*/s/ Matt D. Manning*
Matt D. Manning